## Case No. 915.

### BANK OF THE UNITED STATES v. DAVIS.

[4 Cranch, C. C. 533.] [1]

Circuit Court, District of Columbia. March Term, 1835.

NEGOTIABLE INSTRUMENTS—INDORSEMENT TO CASHIER—EVIDENCE OF NOTICE.

1. An indorsement to the cashier of a bank is virtually an indorsement to the bank, and may be so declared upon.

[See Bank of Newbury v. Baldwin, Case No. 892; Blair v. First Nat. Bank, Id. 1,485; Bank of U. S. v. Lyman, Id. 924.]

2. A memorandum in the handwriting of a deceased note-clerk of a bank, that he had delivered a certain notice, may be read in evidence in favor of the bank.

At law. Assumpsit [by the Bank of the United States] upon R. Wright's draft on Jenkins, of Baltimore, in favor of the defendant, Richard Davis, by him indorsed in blank, and by Richard Smith, cashier of the office of the Bank of the United States in Washington, to —— White, cashier of the office of the Bank of the United States in Baltimore.

The declaration stated that Richard Smith indorsed the bill to the plaintiffs, (the Bank of the United States,) without noticing White, to whom the said R. Smith had indorsed it.

Mr. Redin, for the defendant, objected that there was no indorsement. But, it having been proved that Mr. Smith was merely the cashier of the plaintiffs' office here, and Mr. White the cashier of the plaintiffs' office in Baltimore,

THE COURT (nem. con.) was of opinion that the indorsement was virtually to the plaintiffs.

The plaintiffs then offered in evidence a notice signed by the Baltimore notary-public addressed to Mr. Richard Smith, the last indorser, upon the back of which was an indorsement to this effect: "A similar notice delivered to Richard Davis by me, John S. Nevius, January 2d, 1833," and proved that Nevius is dead. That on the said 2d of January, 1833, he was what is called a note-clerk in the bank, and occasionally delivered notices of this kind; but they were more generally given by other officers, called messengers.

The defendant's counsel objected that such memorandums are not evidence unless made by a person whose usual business is to do what he certifies he has done.

But THE COURT (nem. con.) permitted it to be read in evidence to the jury.

Verdict for the plaintiffs, $2,298.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]